# Exhibit 2

Docusign Envelope ID: 19A9C98D-B55E-408D-B86F-5D07CF5ED143


Byte Bridge Inc

1502 Crocker Ave

Hayward, CA 94544

bytebridge

**EMPLOYMENT AND CONFIDENTIALITY AGREEMENT**

This Employment and Confidentiality Agreement ("Agreement") is entered into on Feb 03, 2025, by and between Byte Bridge, a corporation organized under the laws of California, USA, with its principal place of business located at 1502 Crocker Ave., Hayward CA 94544 herein after referred to as "Byte Bridge," and Employee Curtis H Breville , an individual with a mailing address of 13455 Kearney Street, Thornton CO 80602 Employee Residential Address hereinafter referred to as "Employee," collectively referred to as the "Parties."

1. **Employment**

**1.1 Position and Responsibilities:** Byte Bridge agrees to employ Employee in the capacity of **Global Pre-Sales Engineering Manager - Systems & Cooling** and Employee agrees to fulfill the responsibilities of this position and to comply with the terms and conditions outlined in this agreement.

**1.2 Location of Services:** Employee acknowledges and agrees to perform services at any location determined by Byte Bridge, which may be changed at Byte Bridge's discretion and without prior notice.

**1.3 Employment Term:** The employment relationship between Employee and Byte Bridge is at-will. Either party may terminate the employment relationship at any time, with or without cause, and with or without prior notice.

**1.4 Compensation:** Employee's compensation, including hourly wages for the hours worked and approved and benefits, will be as per the offer letter provided by Byte Bridge. Any changes or adjustments to the compensation and benefits will be governed by Byte Bridge's policies, procedures, and practices.

**1.5 Termination of Agreement**: This Agreement may be terminated by either party by providing the other party with a written notice of at least 2 weeks unless otherwise specified in the Agreement.

2. **Proprietary Information and Inventions**

**2.1 Proprietary Information Creation**: During Employee's employment with Byte Bridge, Employee may create, obtain, or have access to information with commercial value in the business in which Byte Bridge is engaged. This information is referred to as "Proprietary Information."

**2.2: Proprietary Information Defined:** By way of illustration, not limitation, Proprietary Information includes trade secrets, ideas, processes, drawings, blueprints, specifications, data,

Byte Bridge Inc

1502 Crocker Ave

Hayward, CA 94544

bytebridge

computer programs, software, hardware, firmware, other original works of authorship, know-how, improvements, discoveries, developments, designs, innovations, techniques, business development strategies, marketing plans, strategies forecasts, new products, unpublished financial statements, budgets, projections, licenses, prices, costs, strategic alliances, ventures, and customer and supplier lists.

The foregoing obligations of confidentiality and non-use shall not apply to any Proprietary

Information that:

2.2.1 was known to Byte Bridge's prior to the date of disclosure pursuant to this Agreement and not obtained or derived directly or indirectly from employee;

2.2.2 is or becomes public or available to the general public otherwise than through the act or default of Employee or the act or default of the Byte Bridge officers, employees, partners, agents, or independent contractors;

2.2.3 is obtained subsequent to any disclosure under this Agreement from a third party who is lawfully in possession of the information and which information is not subject to any confidential or non-use obligations owed to Byte Bridge or others;

2.2.4 has been furnished by Byte Bridge to a third party without similar restrictions on disclosure; or

2.2.5 is required to be disclosed pursuant to requirements of Federal, State, or Local statute, regulation or court order, provided that Employee delivers prior written notice to Byte Bridge of such pending discharge and gives Byte Bridge a reasonable opportunity to oppose such disclosure with the applicable authority.

**2.3 Ownership of Proprietary Information:** Employee acknowledges that all Proprietary Information is the sole property of Byte Bridge, and Byte Bridge is the owner of all patents, copyrights, trade secrets, or other Intellectual Property Rights related to Proprietary Information.

**2.4 Non-Disclosure**: Employee agrees to keep all Proprietary Information confidential and not to disclose, reproduce, or use such information without prior written consent from Byte Bridge.

**2.5 Assignment of Inventions**: Employee hereby assigns and transfers to Byte Bridge the Employee's entire right, title, and interest acquired during the period of employment in all Proprietary Information and Intellectual Property Rights therein, discovered, originated, made or conceived, or learned by the Employee alone or jointly during the period of employment which result, directly or indirectly, from any of the following:

Byte Bridge Inc

1502 Crocker Ave

Hayward, CA 94544

bytebridge

**2.5.1** the use of premises or equipment owned, leased, or contracted for by Byte Bridge or supplies or Proprietary Information of Byte Bridge;

**2.5.2** work conducted on the time of Byte Bridge or

**2.5.3** work performed for Byte Bridge

Employee further acknowledges that all original works of authorship made by the Employee (solely or jointly) within the scope of and during the period of his or her employment with Byte Bridge and which are protectable by copyright are "works made for hire," as the term is defined in the United States Copyright Act. Employee understands and agrees that the decision whether to commercialize or market any invention developed by Employee is within the sole discretion and for the sole benefit of Byte Bridge, and no royalty will be due to Employee.

Employee hereby waives all moral rights, which he or she may have or hereafter acquire in any Proprietary Information and any Intellectual Property Rights therein. Employee will, at Byte Bridge Inc's request, promptly execute a written assignment of title to Byte Bridge for any Proprietary Information and Intellectual Property Rights therein and a written waiver of all moral rights therein, and Employee will preserve all Proprietary Information as confidential information of Byte Bridge.

**2.6 Notice of Inventions: Execution of Documents.** Employee agrees to give Byte Bridge prompt written notice of his or her acquisition or creation of any Proprietary Information. Employee further agrees as to all Proprietary Information to assist Byte Bridge in every proper way (but at Byte Bridge's expense) to obtain and from time to time enforce patents, copyrights, mask works, and other rights and protections relating to the inventions. Employee also agrees to execute all documents for use in applying for and obtaining such patents, copyrights, mask works and agrees that other rights and protections relating to Proprietary Information shall continue beyond the termination of employment, but Byte Bridge shall compensate Employee at a reasonable rate after such termination for time actually spent, at Byte Bridge's request, on such assistance. In the event that Byte Bridge is unable, after reasonable effort, to secure signatures on any documents needed to effect any assignment hereunder or to apply for or prosecute any patent, copyright, mask work, or other right or protection relating to an invention, whether because of physical or mental incapacity of Employee or for any other reason, Employee hereby irrevocably designates and appoints Byte Bridge and its duly authorized officers and agents as his or her agent and attorney-in-fact, to act for and in his or her behalf and stead, to execute, and file any such application or applications and to do all other lawfully permitted acts to further the prosecution and issuance of patents, copyrights, mask works, or similar protections thereon with the same legal force and effect as if executed by them.

Byte Bridge Inc

1502 Crocker Ave

Hayward, CA 94544

**2.7 Return of Proprietary Information.** All Proprietary Information, including all written materials, records and documents, or other tangible materials made by Employee or materials that have come into his or her possession as a result of his or her employment with Byte Bridge concerning the business or affairs of Byte Bridge shall be the sole property of Byte Bridge ;upon the termination of his or her employment with Byte Bridge or upon the request of Byte Bridge Employee shall promptly deliver the same to Byte Bridge.

**2.8 Third-Party Information.** Employee acknowledges that Byte Bridge has and may, from time to time, receive from third parties their confidential or Proprietary Information which is subject to a duty on the part of Byte Bridge to maintain confidentiality of such information and to only use for limited purposes. Employee agrees that Employee owes Byte Bridge and such third parties, both during the duration of this Agreement and thereafter, a duty to hold such confidential or Proprietary Information in the strictest confidence and not to disclose it to any person, firm, or corporation, or to use it, except where necessary, in carrying out the services for Byte Bridge consistent with Byte Bridge's agreement with such third party.

**3. Client Defined.** The word “client,” for purposes of this Employment and confidentiality agreement, refers to direct or indirect clients, vendors, or companies included in the business transaction for which the Employee has been introduced as a result of the employment with Byte Bridge Employee agrees to the above terms as fair and in line with industry standards.

**4. Prior Inventions.** Employee understands that all inventions, if any, patented or unpatented, which Employee made prior to beginning employment with Byte Bridge are excluded from the scope of this Agreement. To preclude possible uncertainty, Employee shall set forth in Exhibit A, attached, a complete list of all prior inventions that Employee will bring to Byte Bridge .This includes the numbers of all patents and patent applications and a brief description of all unpatented inventions which are not the property of a previous employer. Employee represents that this list is complete disclosure, and that if no items are on the list, Employee has no such prior inventions. Employee agrees to notify Byte Bridge in writing before Employee makes any disclosure or performs any work on behalf of Byte Bridge, which has the potential to threaten or cause a conflict with proprietary rights which Employee claims in any invention or idea. Employee agrees that if in the course of performing services under this Agreement, Employee incorporates into Byte Bridge’s Proprietary Information or otherwise utilizes any invention, improvement, development, concept, discovery, or other Proprietary Information owned by Employee or in which Employee has an interest, Byte Bridge is hereby granted and shall have non-exclusive, royalty-free, perpetual, irrevocable, worldwide license to make, have made, modify, use, and sell such item as part of or in connection with such Proprietary Information.

**5. Conflicting Obligations:**

**5.1 Trade Secrets of Others:**

Employee represents that he or she has not brought, and will not bring with him or her to Byte Bridge, disclose to Byte Bridge, or through the performance of his or her responsibilities use, any devices, materials, or documents of a former employer or other party that are proprietary or not generally available to the public, unless he or she has obtained express written consent from such party for their possession or use. The only devices, materials, or documents of a former employer or other party that are proprietary or not generally available to the public that Employee will bring to Byte Bridge, if any, are identified in Exhibit A attached. As to each identified item, Employee represents that Employee has obtained written consent for their possession and use and has delivered a copy of such written authorization to Byte Bridge Employee hereby indemnifies and holds harmless Byte Bridge from all claims, damages, costs, expenses, fines, and fees (including reasonable attorney's fees) arising out of assertions by third parties of superior rights to any intellectual property brought to Byte Bridge and incorporated by Employee in any deliverable pursuant to this Agreement."

**5.2 Conflicting Confidentiality Agreements:** Employee agrees that during his or her employment, Employee will not breach any obligation of confidentiality Employee has to a former employer, client, or any other entity or individual. Employee represents that Employee's performance under the terms of this Agreement, as Employee to Byte Bridge does not and will not breach any agreement to keep in confidence Proprietary Information acquired by Employee in confidence or in trust. Employee has neither entered into, nor shall enter into, any agreement, either written or oral, in conflict herewith.

**6. Covenant Not to Compete and Not to Interfere:** Exhibit B attached hereto, is incorporated herein by reference.

**7. Covenant Not to Solicit:** Exhibit C attached hereto, is incorporated herein by reference.

**8. Covenant of Confidentiality:** Exhibit D attached hereto, is incorporated herein by reference.

**9. Notice:** Except as expressly provided otherwise, all notices, requests, or other communications required hereunder shall be in writing and shall be given in hand, national overnight courier services, or U.S. mail, certified or registered, postage prepaid, return receipt requested, addressed to the respective party at the applicable address set forth below, or to any party at such other addresses as shall be specified in writing by such party to the other parties in accordance with the terms and conditions of this Section. All notices, requests, or communications shall be deemed effective upon receipt.

**Byte Bridge Inc**

1502 Crocker Ave

Hayward, CA 94544

bytebridge

**10. Equitable Remedies:** Employee specifically acknowledges that a violation of Section 2, 3, 4, 5, and statements 6, 7, or 8 of this Agreement could cause irreparable injury toByte Bridge and its business or property. Employee, therefore, agrees that in the event of his or her breach of any of the terms and conditions of Section 2, 3, 4, 5, and statements 6, 7, or 8 of this Agreement, Byte Bridge shall be entitled, if it so elects, to institute and prosecute proceedings in any court of competent jurisdiction in equity to enjoin him or her from further violation of such provisions. The remedies provided herein shall be cumulative and in addition to any and all other remedies which either party may have at law or in equity. Remedies at law to be sought in accordance with Section 11 and 12 below.

**11. Choice of Forum:** This Agreement shall be governed by, construed, and enforced in accordance with the laws of the state where Employee is domiciled and/or is providing services for Byte Bridge (regardless of that jurisdiction or any other jurisdiction's choice of law principles).

**12. Dispute Resolutions:**

**12.1 Arbitration:** In the event that any dispute or controversy arises out of, or relates to this Agreement, the dispute or controversy shall be settled by arbitration, to be held where Employee is domiciled and/or is providing services for Byte Bridge in accordance with the employment dispute resolution rules then in effect of the American Arbitration Association by a single arbitrator. The arbitrator may grant injunctions or other relief in such dispute or controversy. The decision of the arbitrator shall be final, conclusive, and binding on the parties to the arbitration. Judgment may be entered on the arbitrator's decision in any court having jurisdiction. Judgment may include the award of costs and fees. Employee understands that each party's consent to resolve disputes by arbitration, as opposed to the judicial system is consideration for the other party's promise. Employee further understands that he or she has been offered employment byByte Bridge in consideration of Employee's promises to arbitrate disputes.

**12.2 Waiver:** This arbitration clause constitutes a waiver of Employee's right to a jury trial and relates to the resolution of all disputes relating to all aspects of the employer/employee relationship (except as provided in Section 10 hereof), including, without limitation the following claims:

**12.2.1** any and all claims for wrongful discharge of employment, breach of contract, express or implied, breach of the covenant of good faith and fair dealing, negligent or intentional infliction of emotional distress, misrepresentation, interference with contract or prospective economic advantage, payment of wages, defamation and libel;

**12.2.2** any and all claims for violation of any federal, state, or municipal statute, including, without limitation Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age

Byte Bridge Inc

1502 Crocker Ave

Hayward, CA 94544

Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, the Fair Labor Standards Act; or

**12.2.3** any and all claims arising out of any other laws and regulations relating to employment or employment discrimination.

**13. Notification of New Employer:** In the event that Employee leaves the employ of Byte Bridge Employee hereby consents to notify his or her new employer about his or her rights and obligations under this Agreement.

**14. Modifications; Assignment:** This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, heirs, and permitted assignees. This Agreement may not be altered, modified, changed, or discharged except in writing signed by both the Parties.

**15. Validity:** If any one or more provisions (or any part thereof) of this Agreement shall be held invalid, illegal, or unenforceable in any respect, that provision shall be construed so as to most closely reflect the original intent of the parties, but still be enforceable, and the validity, legality, and enforceability of the remaining provisions (or any part thereof) shall not in any way be affected or impaired thereby.

**16. Changes in Employability:** Employee agrees that it is their sole responsibility to inform Byte Bridge should there be a change in their employability status, including, but not limited to, changes in immigration status. Byte Bridge will continue to employ Employee so long as the Employee is authorized by the United States Government to work. If there is a change in status, it is the responsibility of Employee to notify Byte Bridge of the status change in writing. Byte Bridge is not responsible to change status or do anything further if Employee is no longer employable.

**17. Waiver of Rights.** No waiver of any rights arising under this Agreement shall be effective unless in writing and signed by the party against whom the waiver is enforced. A delay or failure of either party to enforce at any time any provision of this Agreement does not constitute a waiver of such provision, or any other provision, of this Agreement. No waiver of, delay, or failure to enforce any provision of this Agreement shall in any way be considered a continuing waiver or be construed as a subsequent waiver of any such provision, or any other provision of this Agreement.

**18. Volitional Agreement Acknowledgement.** Employee acknowledges that he or she has had the opportunity to consult with the advisor of his or her choice and that he or she has freely and voluntarily entered into this Agreement.

**19. Injunctive Relief and Liability:** In addition to the above, Employee agrees that Byte Bridge shall be entitled to injunctive relief (both temporary and permanent) for any breach or proposed breach of this Agreement. In addition, the party who is found to have breached this Agreement

**Byte Bridge Inc**

1502 Crocker Ave

Hayward, CA 94544

bytebridge

shall be liable for any damages, costs, and fees incurred by the other non-breaching party relating to such breach.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the day and year written below:

| | |
|---|---|
| DocuSigned by: Marvin Cunanan 738AB714964E4E0... | Signed by: Curtis Breville E464553C792D41F... |
| **Marvin Cunanan** | **Curtis H Breville** |
| 2/12/2025 | 2/5/2025 |

Byte Bridge Inc

1502 Crocker Ave

Hayward, CA 94544

bytebridge

**EXHIBIT A**

Prior Inventions

THIS EXHIBIT A is made a part of and is subject to that certain Employment and Non-Compete Agreement ("Agreement") by and among Byte Bridge a California corporation, with a business address of 1502 Crocker Ave., Hayward CA 94544 hereinafter referred to as "Byte Bridge," and Curtis H Breville an individual with a mailing address of 13455 Kearney Street, Thornton CO 80602 ("Employee"), (collectively the "Parties").

Employee understands that their services have been contracted by Byte Bridge who has or may commit them to provide services to Byte Bridge and its clients.

1. The following is a complete list of all inventions or improvements, as referenced in the Agreement, that have been made or conceived or first reduced to practice by Employee, alone or jointly with others, prior to their engagement by Byte Bridge:

( ) No inventions or improvements.

( ) See below:

__________________________________________________________________

( ) Additional sheets attached.

2. Employee proposes to bring to their employment (or consulting, if applicable) the following devices, materials, and documents of a former employer or other party that are proprietary or are not generally available to the public, which materials and documents may be used in their employment pursuant to the express written authorization of their former employer or other party (a copy of which is attached hereto):

( ) No materials.

( ) See below:

| | |
|---|---|
| DocuSigned by: Marvin Cunanan 738AB714964E4E0... | Signed by: Curtis Breville E464553C792D41F... |
| **Marvin Cunanan** | **Curtis H Breville** |
| 2/12/2025 | 2/5/2025 |

Byte Bridge Inc

1502 Crocker Ave

Hayward, CA 94544

**EXHIBIT B**

**Covenant Not to Compete and Not to Interfere**

THIS EXHIBIT B is made a part of and is subject to the Employment and Confidentiality Agreement ("Agreement") by and among Byte Bridge a California incorporation, with a business address of 1502 Crocker Ave., Hayward CA 94544 hereinafter referred to as "Byte Bridge," and Curtis H Breville an individual with a mailing address of 13455 Kearney Street, Thornton CO 80602 ("Employee"), (collectively the "Parties").

Employee understands that they are employed by Byte Bridge who has or may commit them to provide services to Byte Bridge and its clients.

In consideration of employment and salary, and other good and valuable consideration, including the use on behalf of Byte Bridge or its client's facilities or materials, or of private or Proprietary Information owned by Byte Bridge, its suppliers, or client, Employee agrees to the following provisions:

**1. Ability to Provide Services:** Employee represents, warrants, and covenants that (1) he or she is not under any contractual or legal obligations with any entity, such as a restrictive covenant or non-competition agreement, that could interfere with the performance of Employee's services, and (2) all statements and information concerning Employee's experience, qualifications, skills, and availability, including, but not limited to, any resumes or references, provided by Employee are true and correct.

**2** Employee or anyone acting on his or her behalf, directly or indirectly, shall not provide or advise another of the opportunity to provide any services to a client introduced through Byte Bridge .The word "client" refers to direct or indirect clients, vendors, or companies included in the business transaction in which Employee has been introduced as a part of the employment with Byte Bridge

**3.** Employee or anyone acting on his or her behalf, directly or indirectly, cannot retain or solicit for himself or herself or for another party the services of any of Byte Bridge's clients, employees, or other contractors introduced through Byte Bridge For the purposes of the above paragraph, "introduced through Byte Bridge" means where a client, employee, or other sub-vendor came to the attention of Employee in any manner through Byte Bridge or is identified in any agreement with Byte Bridge, sub-vendor, or employee.

Employee, by way of signature, acknowledges the global presence of Byte Bridge and understands that Byte Bridge's contractual relations span many states and into various countries, thereby giving full force and effect to this covenant not to compete wherever Byte Bridge's clients, contractual relationships, or interests may lie.

Docusign Envelope ID: 19A9C98D-D55E-408D-B86F-5D07CF5ED143


Byte Bridge Inc

1502 Crocker Ave

Hayward, CA 94544

bytebridge

**4. Forum Selection, Choice of Law, and Attorney Fees:** In the event of any dispute arising out of or related to this Exhibit B Covenant Not to Compete and Not to Interfere, the parties agree to resolve all disputes as provided in Paragraphs 10, 11, and 12 of the Agreement.

**5. Beneficiaries:** Employee understands that Byte Bridge and its client have (1) entered into a binding agreement in reliance on Employee's execution of this Exhibit B Covenant Not to Compete and Not to Interfere, and (2) would suffer damages if any of the representations set forth herein are inaccurate or if Employee fails to abide by any of the covenants set forth herein.

**6. Indemnification:** Employee agrees to indemnify and hold harmless Byte Bridge and its client, their owners, officers, directors, agents, and employees, from and against all liabilities and costs (including attorney's fees and court costs) attributable to any claim relating to or arising out of the services that Employee provides hereunder or a breach of any provision of this consent, brought by any other party, including private parties or governmental entities.

**7. Survival:** The above terms shall survive for six months ( 6months) termination, cancellation, or expiration of this Exhibit B Covenant Not to Compete and Not to Interfere and the work or assignments for which Employee was engaged.

IN WITNESS WHEREOF, the Parties have executed this Covenant Not to Compete and Not to Interfere as of the day and year written below:

| | |
|---|---|
| DocuSigned by: Marvin Cunanan 738AB714964E4E0... | Signed by: Curtis Breville E464553C792D41F... |
| **Marvin Cunanan** | **Curtis H Breville** |
| 2/12/2025 | 2/5/2025 |

Byte Bridge Inc

1502 Crocker Ave

Hayward, CA 94544

**EXHIBIT C Covenant Not to Solicit**

**THIS EXHIBIT C** is made a part of and is subject to that certain Employment and Confidentiality Agreement ("Agreement") by and among Byte Bridge, a California corporation, with a business address of 1502 Crocker Ave., Hayward CA 94544 hereinafter referred to as "Byte Bridge," and Employee Curtis H Breville with a mailing address of 13455 Kearney Street, Thornton CO 80602 (collectively, the "Parties").Employee understands that they are employed by Byte Bridge, who has or may commit them to provide services to Byte Bridge and its clients. In consideration of salary and other good and valuable consideration, including the use on behalf of Byte Bridge or its client's facilities or materials, or of private or Proprietary Information owned by Byte Bridge Inc, its suppliers, or client, Employee agrees to the following provisions:

**1. Non-Solicitation and Outside Employment.** During the period that Employee is employed by Byte Bridge he or she agrees not to directly or indirectly solicit or offer any services to a client for which the employee will receive compensation or other financial benefits. Further, employee agrees that any outside employment must be communicated to Byte Bridge who reserves the right to restrict such employment during the employee's tenure at Byte Bridge

Employee, by way of signature, acknowledges the global presence of Byte Bridge and understands that Byte Bridge's contractual relations span many states and into various countries, thereby giving full force and effect to this covenant not to solicit wherever Byte Bridge's clients, contractual relationships, or interests may lie.

**2. Forum Selection, Choice of Law, and Attorney Fees.** In the event of any dispute arising out of or related to this Exhibit C Covenant Not to Solicit, the Parties agree to resolve all disputes as provided in Paragraphs 10, 11, and 12 of the Agreement.

**3. Beneficiaries.** Employee understands that Byte Bridge and its clients have entered into a binding agreement in reliance on Employee's execution of this Exhibit C Covenant Not to Solicit and would suffer damages if any of the representations set forth herein are inaccurate, or if Employee fails to abide by any of the covenants set forth herein.

**4.Indemnification.** Employee agrees to indemnify and hold harmless Byte Bridge and its clients, their owners, officers, directors, agents, and employees, from and against all liabilities and costs (including attorney's fees and court costs) attributable to any claim relating to or arising out of the services that Employee provides hereunder or a breach of any provision of this consent, brought by any other party, including private parties or governmental entities.

**5. Survival.** The above terms shall survive upto 6 months of termination, cancellation, or expiration of this Exhibit C Covenant Not to Solicit and the work or assignments for which Employee was engaged.

**Byte Bridge Inc**

1502 Crocker Ave

Hayward, CA 94544

bytebridge

In Witness Whereof, the Parties have executed this Covenant Not to Solicit as of the day and year written below:

| | |
|---|---|
| DocuSigned by: Marvin Cunanan 738AB714964E4E0... | Signed by: Curtis Breville E464553C792D41F... |
| **Marvin Cunanan** | **Curtis H Breville** |
| 2/12/2025 | 2/5/2025 |

Byte Bridge Inc

1502 Crocker Ave

Hayward, CA 94544

bytebridge

**EXHIBIT D**

**Covenant of Confidentiality**

**THIS EXHIBIT D** is made a part of and is subject to that certain Employment and Confidentiality Agreement ("Agreement") by and among Byte Bridge, a California corporation, with a business address of 1502 Crocker Ave., Hayward CA 94544hereinafter referred to as "Byte Bridge," and Curtis H Breville an individual with a mailing address of 13455 Kearney Street, Thornton CO 80602 (collectively, the "Parties").

Employee understands that they are employed by Byte Bridge, who has or may commit them to provide services to Byte Bridge and its clients. In consideration of salary and other good and valuable consideration, including the use on behalf of Byte Bridge or its client's facilities or materials, or of private or Proprietary Information owned by Byte Bridge Inc, its suppliers, or clients, Employee agrees to the following provisions:

1. **Confidential Information.** Employee agrees to keep in strictest confidence and agrees to refrain from, unless expressly authorized in writing by Byte Bridge or its client, to publish or disclose, whether orally or in writing, during and after the period of Employee's work or assignment, any confidential, private, or Proprietary Information of Byte Bridge, suppliers, or clients. This includes, but is not limited to, specifications, requirements, drawings, sketches, models, designs, methodologies, processes, know-how, research and development, samples, tools, computer programs, software, source code, trade secrets, product plans, projects, inventions, engineering information, hardware configuration information, technical information or data, financial information, business plans, other business information or data, client information or data, vendor information, market information, or marketing plans, whether written, oral, or otherwise. This applies to all information which Employee may acquire, learn, develop, or create by reason of such work or assignment (collectively "client confidential information"). Employee agrees to use client confidential information only in connection with Employee's performance of work or assignments for the client and agrees to refrain from using client confidential information for any other purpose.

2. **Disclosures.** Employee will not disclose client confidential information to any other employee of Byte Bridge unless such other employee has executed a confidentiality agreement similar to this Agreement and is working on the same project as Employee.

3. **Return of Information.** Upon request by the client, Employee shall return to the client all client confidential information received in tangible form or agree to destroy all such client confidential information and certify in writing to such destruction.

Byte Bridge Inc

1502 Crocker Ave

Hayward, CA 94544

**4. Non-Disclosure.** Employee will not disclose to the client, its suppliers, or any of its employees any information that is or may be proprietary or confidential to any third party, including but not limited to Employee's current or former employer or any of Employee's current or former employer's other clients unless Employee has the right to disclose such information and such information is relevant to Employee's work or assignment. Except for intellectual property assigned to the client under the Agreement, all other specifications, drawings, sketches, models, samples, tools, computer, or other apparatus programs, technical or business information or data, written, oral, or otherwise, furnished by Employee to the client under this Exhibit D Covenant of Confidentiality or in contemplation of the work or assignment to be performed by Employee shall not be considered confidential or proprietary.

**5. Forum Selection, Choice of Law, and Attorney Fees.** In the event of any dispute arising out of or related to this Exhibit D Covenant of Confidentiality, the Parties agree to resolve all disputes as provided in Paragraphs 10, 11, and 12 of the Agreement.

**6. Beneficiaries.** Employee understands that Byte Bridge and its clients have entered into a binding agreement in reliance on employee's

DocuSigned by:
Marvin Cunanan
738AB714964E4E0...
**Marvin Cunanan**
2/12/2025

Signed by:
Curtis Breville
E464553C792D41F...
**Curtis H Breville**
2/5/2025