# Exhibit
# 3

**SEVERANCE AGREEMENT AND GENERAL RELEASE**

This Severance Agreement and General Release ("Agreement") is entered into between **Byte Bridge Inc.** ("Company") and **Curtis Breville** ("Employee").

**1. Separation of Employment**

Employee's employment with the Company will end effective **December 17, 2025** ("Separation Date").

**2. Severance Pay**

Subject to Employee's execution of this Agreement and compliance with its terms, the Company will continue to pay Employee their regular base compensation, less applicable withholdings, through **December 31, 2025**, in accordance with the Company's normal payroll practices.

This severance pay is provided in addition to all wages, compensation, and benefits to which Employee is otherwise entitled by law.

**3. Final Wages and Benefits**

Employee will receive all final wages, including any accrued and unused vacation pay, in accordance with Colorado law. Employee's participation in Company benefit plans will end in accordance with the applicable plan documents and legal requirements, including COBRA.

**4. Limited Non-Solicitation**

**(a) Employee Non-Solicitation**

For a period of twelve (12) months following the Separation Date, Employee agrees not to knowingly and directly solicit for employment any individual who is an employee of the Company at the time of such solicitation and with whom Employee worked or had material professional contact during the twelve (12) months immediately preceding the Separation Date.

This restriction does not prohibit general job advertisements not specifically targeted at Company employees, responses to unsolicited inquiries from Company employees, or the employment of any individual who independently seeks employment with Employee without solicitation.

**(b) Client and Customer Non-Solicitation**

For a period of twelve (12) months following the Separation Date, Employee agrees not to knowingly and directly solicit any client or customer of the Company with whom Employee had material business contact during the twelve (12) months immediately preceding the Separation Date for the purpose of providing competing services, where such solicitation would require or result from the use or disclosure of the Company's confidential or proprietary information.

**(c) No Non-Compete; Lawful Intent**

The parties expressly agree that this Section is not intended to be, and shall not be construed as, a non-competition agreement. Nothing in this Agreement restricts Employee from engaging in lawful employment or competition. This Section shall be interpreted and enforced only to the maximum extent permitted under applicable California and Colorado law.

**(d) Reformation**

If any portion of this Section is held unenforceable, a court of competent jurisdiction is authorized to modify the provision to the minimum extent necessary to render it enforceable while preserving the parties' original intent.

**5. Confidentiality of Company Information**

Employee agrees to continue to maintain the confidentiality of the Company's trade secrets and confidential or proprietary information, including but not limited to non-public business strategies, financial information, pricing, customer data, and internal operations.

Nothing in this Agreement prohibits Employee from reporting possible violations of law to any governmental agency, participating in a government investigation, making disclosures protected by whistleblower laws, or discussing wages, hours, or other terms and conditions of employment as protected by law.

**6. Confidentiality of Separation**

Employee agrees to keep confidential the nature and terms of Employee's separation and this Agreement, except to immediate family members, legal or tax advisors, or as required by law.

**7. Non-Disparagement**

Employee agrees not to make any false or knowingly misleading statements that would reasonably be expected to harm the reputation of the Company or its officers, directors, or employees. This provision does not prohibit truthful statements or legally protected communications.

**8. Release of Claims**

In exchange for the severance benefits described above, Employee knowingly and voluntarily releases and forever discharges the Company and its past, present, and future affiliates, officers, directors, employees, and agents from any and all claims, demands, or causes of action arising out of or relating to Employee's employment or separation, whether known or unknown, to the fullest extent permitted by law.

**9. California Civil Code Section 1542 Waiver**

Employee expressly waives the protections of California Civil Code section 1542, which provides:
"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release."

**10. Claims Not Waived**

This Agreement does not waive claims that cannot be waived as a matter of law, claims arising after execution of this Agreement, or rights to unemployment insurance or workers' compensation benefits.

**11. Voluntary Execution and Right to Revoke**

Employee acknowledges that Employee has been advised to consult with an attorney before signing this Agreement, has been given at least twenty-one (21) days to consider this Agreement, and may revoke this Agreement within seven (7) days after signing by providing written notice to the Company. This Agreement becomes effective on the eighth (8th) day after execution if not revoked.

**12. No Admission of Liability**

This Agreement does not constitute an admission of wrongdoing or liability by the Company.

**13. Governing Law and Venue**

This Agreement shall be governed by and construed in accordance with the laws of the State of Colorado, without regard to conflict-of-laws principles. Any action arising under this Agreement shall be brought in a court of competent jurisdiction in Colorado.

**14. Severability**

If any provision of this Agreement is held unenforceable, the remaining provisions shall remain in full force and effect.

**15. Entire Agreement**

This Agreement constitutes the entire agreement between the parties regarding Employee's separation and supersedes all prior agreements or understandings.

---

**EMPLOYEE ACKNOWLEDGMENT**

Employee Signature: Curtis Breville

Date: 12/20/2025

Company Representative: Marvin Cunanan

Date: 12/19/2025