**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:26-cv-04497-NRN

CURTIS H. BREVILLE, and
C.H. BREVILLE ENTERPRISES LLC D/B/A IPE SOLUTIONS,

Petitioners,

v.

BYTE BRIDGE, INC., *a Nevada corporation,*

Respondent.

---

**RESPONDENT BYTE BRIDGE INC.'S RESPONSE IN OPPOSITION TO PETITIONERS' PETITION TO COMPEL ARBITRATION**

---

Respondent Byte Bridge, Inc. hereby respectfully submits this Response in Opposition to Petitioners' Petition to Compel Arbitration [ECF No. 1] (the "Petition").

## I. INTRODUCTION

It is undisputed Petitioner Curtis Breville entered into a valid, written Employment and Confidentiality Agreement with Respondent Byte Bridge, Inc. ("Byte Bridge" or "Respondent"). It is further undisputed that under this written contract, Byte Bridge's claims for injunctive relief are expressly excluded from arbitration. However, Mr. Breville seeks to improperly limit injunctive relief solely to the breach of contract claim when other causes of action independently authorize equitable relief including injunctive relief. Importantly, the Employment Agreement specifically contains a carveout for equitable relief, which is cumulative relief explicitly not subject to the arbitration agreement.

Further, nonsignatory Petitioner C.H. Breville Enterprises LLC dba IPE Solutions ("IPE Solutions") has not carried its burden in proving it has standing to enforce the arbitration agreement. This District and the Tenth Circuit consistently hold alter ego allegations are insufficient to compel arbitration as to nonsignatories. Whether a nonsignatory can compel arbitration is a question of state law contract interpretation which is properly answered by the Court. Additionally, IPE Solutions has not, and cannot, prove Byte Bridge provided the foundational and required consent to arbitrate against IPE Solutions.

The Court should order that all equitable relief claims, including injunctive relief claims, which are undisputed, can proceed against Mr. Breville. The Court should also decline to compel arbitration as to IPE Solutions based on the insufficient evidentiary record, or alternatively order expedited discovery as to IPE Solutions' alter ego status.

The entire Section 10 "Equitable Remedies" of the Employment and Confidentiality Agreement at issue as shown in Exhibit 2 to the Petition ("Section 10") is pasted below for ease of reference.

> **10. Equitable Remedies:** Employee specifically acknowledges that a violation of Section 2, 3, 4, 5, and statements 6, 7, or 8 of this Agreement could cause irreparable injury to Byte Bridge and its business or property. Employee, therefore, agrees that in the event of his or her breach of any of the terms and conditions of Section 2, 3, 4, 5, and statements 6, 7, or 8 of this Agreement, Byte Bridge shall be entitled, if it so elects, to institute and prosecute proceedings in any court of competent jurisdiction in equity to enjoin him or her from further violation of such provisions. The remedies provided herein shall be cumulative and in addition to any and all other remedies which either party may have at law or in equity. Remedies at law to be sought in accordance with Section 11 and 12 below.

*See* **Ex. 2** to the Petition, pg. 7 [ECF No. 1-2].

## II. ARGUMENT

### A. Petitioners Agree Section 10 Expressly Preserves Byte Bridge's Right to Seek Injunctive and Equitable Relief in Court; The Court Should Reject Petitioners' Attempt to Limit Injunctive Relief to One Cause Of Action.

Petitioners agree that "Section 10 of the Employment Agreement provides a narrow exception to the arbitration clause that allows Byte Bridge to seek injunctive relief from the courts in just one limited circumstance[.]" Petition [ECF No. 1], ¶ 21; *see also* ¶ 25 ("Byte Bridge's request for injunctive relief in his sixth cause of action against Breville for Breach of Contract [] is the only claim asserted in the California Action that falls within the narrow exception to the arbitration clause[.]") Therefore, for purposes of this Petition, it is undisputed that Byte Bridge's injunctive relief claim, at least under its breach of contract claim, can proceed against Mr. Breville.

Petitioners improperly seek to confine injunctive relief solely to the Sixth Cause of Action. Petitioners assert only the breach of contract claim's injunctive relief falls within Section 10 and that other injunctive relief is arbitrable. Nothing in Section 10 ties the preserved injunctive remedy to a specific captioned count; it turns on the nature of the relief (equity to enjoin violations of Sections 2–8) and the predicate breach, not the label of the claim. *See generally*, **Ex. 2** to the Petition, pg. 7 [ECF No. 1-2]. In fact, the Agreement's plain language preserves judicial recourse for injunctive relief tied to breaches of the enumerated sections and makes clear that equitable remedies are "cumulative." *See id.* The natural reading of Section 10 is that claims at law are directed to arbitration under Section 12, while equitable relief preserved by Section 10 proceeds in court. *See id.*

"Injunctive relief is not a separate cause of action; rather it is one form of relief for the other legal violations alleged." *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*,

353 F.Supp.3d 1070, 1088–1092 (D. Colo. 2018) (citation omitted). "The Court thus interprets the request for injunctive relief as the relief Plaintiffs would seek should they prevail on the merits of their claims." *Id.* (finding injunctive relief is authorized under multiple claims for relief).

Moreover, Byte Bridge's injunctive relief claims also independently arise from at least the First (Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(3)(A)), Second (Uniform Trade Secrets Act, Cal. Civil Code § 3426.2; *see also* Colo. Rev. Stat. § 7–74–103), and Third Causes of Action (Lanham Act, 15 U.S.C. §§ 1116; 1125(c)). Byte Bridge also seeks equitable relief under its Fourth (Breach of Fiduciary Duty and Duty of Loyalty) and Fifth (Unfair Competition) state law Causes of Action in addition to the Sixth Cause of Action. Petitioners provide no authority that these other causes of action, which independently authorize injunctive relief by statute and equitable relief by case law, should not be included in Byte Bridge's contractual right to injunctive relief.

Therefore, the Court should not compel arbitration of Byte Bridge's claims for equitable and injunctive relief across all counts. The Court should enforce the carve-out as written and deny the Petition to the extent it seeks to compel arbitration of equitable relief claims and requests falling within the Employment Agreement's Section 10 reservation. *See* **Ex. 2** to the Petition, pg. 7 [ECF No. 1-2].

### B. Petitioners Have Not Carried Their Burden of Proving Nonsignatory IPE Solutions Can Enforce the Employment and Confidentiality Agreement.

#### 1. *The Court, not the Arbitrator, Must First Determine the Threshold Issue of Whether an Arbitration Agreement Exists Between Byte Bridge and Nonsignatory IPE Solutions.*

Petitioners seek to bind nonsignatory IPE Solutions to the Employment and Confidentiality Agreement's arbitration clause based on Byte Bridge's allegation that IPE is an alter ego of Dr.

Breville. Whether a nonsignatory may enforce an arbitration clause under alter-ego or equitable theories is a threshold question of contractual formation and assent. The Court must first make the threshold state law determination that an arbitration agreement exists and who is bound by it before compelling arbitration. The Court should reject Petitioners' argument that it is the arbitrator who should answer this threshold question of contractual formation and assent. Petition, ¶¶ 30, 34 [ECF No. 1].

"The arbitrator is without power to determine whether a party is subject to arbitration[.]" *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1461 (10th Cir. 1995). "It is the province of the court, not the arbitrator, to determine whether a party has a duty to arbitrate." *Id.* (citing *AT&T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 648 (1986)). The district court must first make "its own independent finding as to whether [IPE Solutions] was personally subject to binding arbitration." *Id. (*citing *Am. Bell Inc. v. Fed'n of Tel. Workers*, 736 F.2d 879, 887 (3d Cir. 1984) ("remanding to district court determination of whether corporate veil should be pierced for purposes of subjecting party to arbitration.")).

This District recently confirmed IPE cannot "skip[] over the threshold question of whether a contract was ever formed between [Byte Bridge] and [IPE Solutions] in the first place." *York on behalf of C.Y. v. UA Attractions, LLC*, 820 F.Supp.3d 1199, 1205 (D. Colo. 2026). "[T]he Court is also unpersuaded by [petitioner's] assertion that it is the arbitrator who should decide whether there is an agreement to arbitrate between [the parties] in the first instance." *Id.* citing (*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "Importantly, the 'clear and unmistakable' requirement 'pertains to the parties' *manifestation of intent*, to the agreement's *validity*.'" *Id.* (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 69 (2010)) (emphasis

original). Here, there is no clear and unmistakable evidence that Byte Bridge and IPE Solutions agreed to arbitrate arbitrability because there is no evidence that Byte Bridge and IPE Solutions agreed to arbitrate ***at all.*** *Id.* (citing *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1293 (10th Cir. 2017) ("affirming denial of nonsignatory defendants' motion to compel arbitration notwithstanding that the arbitration agreement at issue contained a delegation clause")).

Therefore, as in *York*, this Court should find that Petitioners have not carried their burden in establishing IPE Solutions has standing to enforce the arbitration agreement between Byte Bridge and Mr. Breville.

**2. *Nonsignatory IPE Solutions Cannot Rely on Byte Bridge's Alter Ego Allegations to Establish an Arbitration Agreement Exists.***

"[C]ourts applying domestic nonsignatory doctrines to enforce arbitration agreements under the Convention must strictly adhere to 'the foundational FAA principle that arbitration is a matter of consent.'" *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 447 (2020). Byte Bridge never consented to arbitration with IPE Solutions. Petitioners have not and cannot prove Byte Bridge's consent. The Petition admits that Dr. Breville founded IPE Solutions in 2026 ***after*** his Byte Bridge employment ended. *See* Petition, ¶ 23 [ECF No. 1]. IPE Solutions did not exist at the time the arbitration agreement was entered into in February 2025. Therefore, IPE Solutions can never prove Byte Bridge consented to arbitration with IPE Solutions.

Petitioners' sole argument that IPE Solutions has standing to enforce the arbitration clause is "because Byte Bridge sued IPE Solutions as an alter ego of Dr. Breville." Petition, ¶ 26 [ECF No. 1]. Petitioners' reliance on alter-ego allegations in a complaint does not create a record establishing, as a matter of law, that IPE Solutions can enforce the arbitration agreement.

The "[a]lter ego issue is a highly fact intensive issue and inappropriate to resolve at the motion to dismiss stage." *See El Paso Firemen v. Policemen's Pension Fund. v. InnovAge Holding Corp.*, 773 F.Supp.3d 1236, 1247–48 (D. Colo. 2025) (citation omitted). "Indeed, some courts have declined to resolve alter ego issues even at the summary judgment stage, preferring such factual disputes to be resolved by a jury at trial." *Id.* at 1248 (citation omitted). Therefore, the Court should order expedited discovery as to alter ego first before utilizing this theory to support a finding that IPE Solutions was a nonsignatory party to the arbitration agreement.

Further, IPE Solutions could not have been an intended third-party beneficiary to the arbitration agreement Mr. Breville entered into with Byte Bridge before IPE Solutions' existence. "While an individual not a party to the contract generally cannot be compelled to arbitration, a nonparty, such as a third-party beneficiary, may fall within the scope of an arbitration agreement if the parties to the contract so intend." *Genberg v. Porter*, 935 F.Supp.2d 1094, 1101 (D. Colo. 2013) (citation omitted). "The intent to create a third-party beneficiary must be apparent from the terms of the contract or the surrounding circumstances." *Id.* (*citing Winter Park Real Estate & Invs., Inc. v. Anderson*, 160 P.3d 399, 406 (Colo App. 2007)). It is impossible for IPE Solutions to carry its burden of proving its third-party beneficiary status from the contract terms or the surrounding circumstances. IPE Solutions simply did not exist at the time the Employment and Confidentiality Agreement's arbitration clause was entered into by Byte Bridge and Mr. Breville. *See* Petition, ¶ 23 [ECF No. 1].

The Petition should be denied as to IPE Solutions. At minimum, the Court should order expedited and targeted alter ego discovery for the Court to properly find IPE Solutions has standing to compel arbitration.

## III. <u>CONCLUSION</u>

Respondent Byte Bridge respectfully requests the Court explicitly hold that:

1. Byte Bridge's injunctive relief claims under the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action can proceed outside of arbitration and are not subject to arbitration.

2. Byte Bridge's equitable claims under all Eight Causes of Action can proceed outside of arbitration and are not subject to any stay against Petitioners Curtis H. Breville and C.H. Breville Enterprises LLC dba IPE Solutions.

3. Deny the Petition as to IPE Solutions. At minimum, the Court should order expedited and targeted alter ego discovery for the Court to properly find IPE Solutions has standing to compel arbitration.

Respectfully submitted this 13th day of October, 2026.

*s/ Matthew C. Freemann*
Matthew C. Freemann
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: (303) 629-6200
Facsimile: (303) 629-0200
Email: mfreemann@littler.com

*Attorney for Respondent*

## AI CERTIFICATION

Pursuant to the Standing Order Regarding the Use of Generative Artificial Intelligence ("AI") in Court Filings, Respondent hereby certifies it did not use generative AI for purposes of drafting this filing.

*s/ Matthew C. Freemann*
Matthew C. Freemann

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2026, a true and correct copy of **RESPONDENT BYTE BRIDGE INC.'S RESPONSE IN OPPOSITION TO PETITIONERS' PETITION TO COMPEL ARBITRATION** was filed and served via the CM/ECF system to the following:

Benjamin Morrell
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: 312-527-4000
Email: bmorrell@taftlaw.com

*Attorney for Petitioner*

*s/ Joanna Fox*
Joanna Fox, Legal Secretary

4924-8290-7096